IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ACE SEGUROS, S.A. (a foreign corporation) a/s/o DAIMLERCHRYSLER DE MEXICO, S.A. DE C.V. | ) ) ) ) | No: **08 C 407** |
| Plaintiff, | ) ) | |
| v. | ) ) | Judge: **JUDGE LEFKOW** |
| T.M. DOYLE TEAMING, INC., | ) ) | Magistrate Judge: **MAGISTRATE JUDGE COLE** |
| Defendant. | ) ) | |

# COMPLAINT

Plaintiff, ACE SEGUROS, S.A. (a foreign corporation) (herein "ACE") a/s/o DAIMLERCHRYSLER DE MEXICO, S.A. DE C.V. (herein "DAIMLERCHRYSLER"), by and through its attorneys, John F. Horvath, Duane C. Weaver and Renata M. Koleda of HORVATH & WEAVER, P.C., for its Complaint against defendant T.M. DOYLE TEAMING, INC. (herein "T.M. DOYLE") alleges and states as follows:

## I.
## JURISDICTION AND VENUE

1.  Plaintiff brings this lawsuit pursuant to 49 U.S.C. § 14706 (the Carmack Amendment) against defendant T.M. DOYLE, alleging that defendant was, at all times relevant, an interstate motor carrier and/or freight forwarder in relation to the Subject Shipment. Consequently, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

2.  This Court also has jurisdiction as to plaintiff's claims against T.M. DOYLE pursuant to 28 U.S.C. § 1337 as this matter involves interstate commerce and the matter in controversy for the Subject Shipment transported under a bill of lading exceeds $10,000,

exclusive of interest and costs.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) and (c) since Plaintiff's claim arises out of the non-delivery or damage to transmissions that defendant received and agreed to transport for the account of DAIMLERCHRYSLER to DAIMLERCHRYSLER's facility in Kokomo, Indiana. Additionally, venue is proper against Defendant T.M. DOYLE since Defendant transacted and continues to transact business in Illinois and within the Northern District of Illinois in accordance with 735 ILCS 5/2-209(1).

4. Venue is also proper against defendant pursuant to 49 U.S.C. § 14706(d)(1) and (d)(2) because T.M. DOYLE was the delivering carrier responsible for the loss of the Subject Shipment.

## II.
## FACTS COMMON TO ALL COUNTS
### a. The Parties

5. At all times relevant, Plaintiff, ACE was a foreign insurance corporation organized and existing under the laws of Mexico, and had in effect a policy of insurance covering goods in transit for the benefit of DAIMLERCHRYSLER.

6. At all times relevant, Plaintiff's subrogor, DAIMLERCHRYSLER, was a manufacturer of vehicle transmissions, was the owner of the Subject Shipment and the Subject Goods, was a corporation organized and existing under the laws of Mexico and maintained an office and manufacturing facility in Santa Fe, Mexico, D.F.

7. At all times relevant, Defendant T.M. DOYLE was an Illinois corporation with its principal place of business in Illinois and transacted business in the state of Illinois and within this Court's jurisdiction.

8. At and during all times hereinafter mentioned, Defendant T.M. DOYLE was

and is engaged and/or held itself out to DAIMLERCHRYSLER as an interstate motor carrier and/or freight forwarder of merchandise for hire.

### b. The Subject Shipment

9. This is a claim involving the non-delivery and/or the delivery in damaged condition of 192 of 216 vehicle transmissions (the "Subject Shipment") from DAIMLERCHRYSLER's facility in Mexico to its facility in Kokomo, Indiana (the "Subject Shipment").

10. The value of the Subject Shipment including freight charges and customs duties at all times relevant was US$200,759.17.

11. Sometime prior to on or about August 28, 2006, DAIMLERCHRYSLER loaded 216 transmissions in good order, quantity and condition into Union Pacific Container No. PACU881639 (the "Subject Container") at its facility in Mexico.

12. T.M. DOYLE, through its employees and/or agent driver, received the Subject Shipment and Subject Container in good order, quantity and condition on or about August 28, 2006 at the Union Pacific rail yard in Chicago, Illinois.

13. During transit by T.M. DOYLE, the Subject Shipment and Subject Container were involved in an occurrence such that the Subject Shipment and Subject Container were in a rollover.

14. T.M. DOYLE failed to deliver the Subject Shipment to DAIMLERCHRYSLER in Kokomo, Indiana or delivered the Subject Shipment in damaged condition.

15. DAIMLERCHRYSLER was not in any way negligent, did not contribute in any way to the loss of the Subject Shipment and, at all times, materially performed its

obligations in respect to Defendant and the Subject Shipment.

### c. Actions Subsequent to the Loss of the Subject Shipment

16. On information and belief, ACE and/or DAIMLERCHRYSLER submitted a claim on more than one occasion to Defendant T.M. DOYLE demanding payment of $140,531.26, representing the value of Subject Shipment, customs duties and disposal costs minus salvage. A true and accurate copy of the most recent claim to Defendant T.M. DOYLE by counsel on behalf of ACE is attached as Exhibit "A" hereto.

17. ACE has made payment to DAIMLERCHRYSLER under a policy of insurance for the loss herein, based upon the $140,531.26 in damages, less DAIMLERCHRYSLER's US$25,000 deductible, and is therefore subrogated to DAIMLERCHRYSLER's rights in this matter.

18. Neither ACE nor DAIMLERCHRYSLER have ever received any payment from or on behalf of T.M. DOYLE for the damage to the Subject Shipment.

19. As a result of the failure of T.M. DOYLE and/or its agents to deliver the Subject Shipment and/or as a result of Defendant T.M. DOYLE failing to pay ACE and/or DAIMLERCHRYSLER for the damage, ACE and DAIMLERCHRYSLER have sustained a loss in an amount no less than US$140,531.26, the value of the Subject Shipment.

## COUNT I
### Carmack Amendment Claim

20. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 19 of its Complaint as if fully set forth at length herein as paragraph 20.

21. At all times relevant herein, there was in effect 49 U.S.C. §14706 (the Carmack Amendment), which provides in pertinent part as follows:

**(a) General Liability. -**

**(1) Motor carriers and freight forwarders.—** A carrier providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier and any other carrier that delivers the property and is providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 or chapter 105 are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States or from a place in the United States to a place in an adjacent foreign country when transported under a through bill of lading and, except in the case of a freight forwarder, applies to property reconsigned or diverted under a tariff under section 13702. Failure to issue a receipt or bill of lading does not affect the liability of a carrier. A delivering carrier is deemed to be the carrier performing the line-haul transportation nearest the destination but does not include a carrier providing only a switching service at the destination.

22. At all times hereinafter mentioned, Defendant T.M. DOYLE was operating and/or holding itself out to DAIMLERCHRYSLER as a motor carrier and/or freight forwarder in relation to the Subject Shipment and/or agreed to accept carrier obligations and liability under the Carmack Amendment, such that T.M. DOYLE is liable under the Carmack Amendment for the failure to deliver the Subject Shipment.

23. Defendant T.M. DOYLE received the Subject Shipment in good order, condition and quantity.

24. Defendant T.M. DOYLE failed to deliver the Subject Shipment to DAIMLERCHRYSLER in Kokomo, Indiana in the same good order, condition and/or quantity as it received the Subject Shipment as T.M. DOYLE was obligated to do under the Carmack Amendment.

25. By reasons of these premises, ACE and DAIMLERCHRYSLER have sustained damages in the amount no less than US$140,531.26 plus costs.

WHEREFORE, plaintiff ACE SEGUROS, S.A. a/s/o DAIMLERCHRYSLER DE MEXICO, S.A. DE C.V. requests that the Court enter judgment in Plaintiff's favor and against Defendant T.M. DOYLE, INC. in an amount no less than US$140,531.26 plus costs, prejudgment interest and such other relief as the Court deems appropriate under the circumstances.

## COUNT II

### Breach of Common Law Obligations as a Carrier

26.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 19 of its Complaint as if fully set forth at length herein as paragraph 26.

27.   T.M. DOYLE was acting as a common carrier when it received the Subject Shipment at the Union Pacific rail yard in Chicago, Illinois.

28.   As a matter of law, a common carrier has a duty to exercise the highest degree of care in relation to goods in its care, custody and control while in transit.

29.   In allowing the Subject Shipment to be involved in a rollover and/or otherwise damaged in transit and while in its care, custody and control, T.M. DOYLE breached its obligation as a common carrier.

WHEREFORE, plaintiff ACE SEGUROS, S.A. a/s/o DAIMLERCHRYSLER DE MEXICO, S.A. DE C.V. requests that the Court enter judgment in Plaintiff's favor and against Defendant T.M. DOYLE, INC. in an amount no less than US$140,531.26 plus costs, prejudgment interest and such other relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

ACE SEGUROS, S.A. (a foreign corporation) a/s/o

                                        DAIMLERCHRYSLER DE MEXICO, S.A. DE C.V.

                                        By: /s/ Duane C. Weaver
                                        One of its Attorneys

John F. Horvath
Duane C. Weaver
Renata M. Koleda
HORVATH & WEAVER, P.C.
10 South LaSalle Street, Suite 1400
Chicago, Illinois 60603
Phone:     312.419.6600
Facsimile: 312.419.6666