IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ACE SEGUROS, S.A. (a foreign corporation) a/s/o DAIMLERCHRYSLER DE MEXICO, S.A. DE C.V. ) ) ) ) | |
| Plaintiff, ) | No. 08 C 407 |
| ) | |
| v. ) | Judge Lefkow |
| ) | Magistrate Judge Cole |
| T.M. DOYLE TEAMING, INC., ) ) | |
| Defendant. ) | |

**DEFENDANT'S ANSWER TO AMENDED COMPLAINT**

**NOW COMES** Defendant, T.M. DOYLE TEAMING, INC. (hereinafter referred to as "Defendant" or "T.M. DOYLE") by and through its attorneys, PAUL A. GAJEWSKI, and AXELROD, GOODMAN, STEINER and BAZELON, and hereby answers the Amended Complaint of Plaintiff, ACE SEGUROS, S.A. (a foreign corporation) a/s/o DAIMLERCHRYSLER DE MEXICO, S.A. DE C.V.(hereinafter referred to as "Plaintiff" or "DAIMLERCHRYSLER") as follows:

**I. JURISDICTION AND VENUE**

1.  Plaintiff brings this lawsuit pursuant to 49 U.S.C. § 14706 (the Carmack Amendment) against defendant T.M. DOYLE, alleging that defendant was, at all times relevant, an interstate motor carrier and/or freight forwarder in relation to the Subject Shipment. Consequently, this Court has original jurisdiction to 28 U.S.C. § 1331 (federal question jurisdiction).

**ANSWER:** Defendant admits the allegations of paragraph #1 of the Amended Complaint.

2. This Court also has jurisdiction as to plaintiff's claims against T.M. DOYLE pursuant to 28 U.S.C. 1337 as this matter involves interstate commerce and the matter in controversy for the Subject Shipment transported under a bill of lading exceeds $10,000, exclusive of interest and costs.

**ANSWER:   Defendant admits the allegations of paragraph #2 of the Amended Complaint.**

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) and (c) since Plaintiff's claim arises out of the non-delivery or damage to transmissions that defendant received and agreed to transport for the account of DAILMERCHRYSLER between DAIMLERCHRYSLER's facility in Mexico and its facility in Kokomo, Indiana.  Additionally, venue is proper against Defendant T.M. DOYLE since Defendant transacted and continues to transact business in Illinois and within the Northern District of Illinois in accordance with 735 ILCS 5/2-209(1).

**ANSWER:   Defendant denies each and every allegation of paragraph #3 of the Amended Complaint, except Defendant admits that Plaintiff alleges that venue is proper in this Court.**

4. Venue is also proper against defendant pursuant to 49 U.S.C. § 14706(d)(1) and (d)(2) because T.M. DOYLE was the delivering carrier responsible for the loss of the Subject Shipment.

**ANSWER:   Defendant denies each and every allegation of paragraph #4 of the Amended Complaint, except Defendant admits that Plaintiff alleges that venue is proper in this Court.**

## II. FACTS COMMON TO ALL COUNTS
### a. The Parties

5.      At all times relevant, Plaintiff, ACE was a foreign insurance corporation organized and existing under the laws of Mexico, and had in effect a policy of insurance covering goods in transit for the benefit of DAIMLERCHRYSLER.

**ANSWER:    Defendant has insufficient knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph #5 of the Amended Complaint.**

6.      At all times relevant, Plaintiff's subrogor, DAIMLERCHRYSLER, was a manufacturer and/or installer of vehicle transmissions, was the owner of the Subject Shipment and the Subject Goods, was a corporation organized and existing under the laws of Mexico and maintained an office and manufacturing facility in Santa Fe, Mexico, D.F.

**ANSWER:    Defendant has insufficient knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph #6 of the Amended Complaint.**

7.      At all times relevant, Defendant T.M. DOYLE was an Illinois corporation with its principal place of business in Illinois and transacted business in the State of Illinois and within this Court's jurisdiction.

**ANSWER:    Defendant admits the allegations of paragraph #7 of the Amended Complaint.**

8.      At and during all times hereinafter mentioned, Defendant, T.M. DOYLE was and is engaged

and/or held itself out to DAIMLERCHRYSLER as an interstate motor carrier and/or freight forwarder of merchandise for hire.

**ANSWER:** **Defendant denies each and every allegation of paragraph #8 of the Amended Complaint, except Defendant admits that Defendant is a motor carrier for hire engaged in interstate commerce.**

### b. The Subject Shipment

9. This is a claim involving the non-delivery and/or the delivery in damaged condition of 192 of 216 vehicle transmissions (the "Subject Shipment") between DAIMLERCHRYSLER's facility in Mexico and its facility in Kokomo, Indiana (the "Subject Shipment").

**ANSWER:** **Defendant admits the allegations of paragraph #9 of the Amended Complaint.**

10. The value of the Subject Shipment including freight charges and customs duties at all times relevant was US$200,759.17.

**ANSWER:** **Defendant has insufficient knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph #10 of the Amended Complaint.**

11. Sometime on or about August 28, 2006, T.M. DOYLE, as an interstate carrier, received 216 transmissions in good order, quantity and condition from DAIMLERCHRYSLER in Container No. PACU881639 or some other container (the "Subject Container").

**ANSWER:** **Defendant has insufficient knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph #11 of the Amended**

...

> **Complaint, except Defendant admits that on August 28, 2006, Defendant received container number PACU881639, said to contain automobile parts from Daimlerchrysler Corporation at Kokomo, Indiana, for transportation to Chicago, Illinois, condition of said contents unknown.**

12. T.M. DOYLE, in accepting the 216 transmissions through its employees and/or agent driver, agreed to transport the transmissions between DAIMLERCHRYSLER in Kokomo, Indiana and the Union Pacific rail yard in Chicago, Illinois and to deliver the 216 transmissions in the same good order, quantity and condition as they had been received by T.M. DOYLE.

**ANSWER:** **Defendant admits the allegations of paragraph #12 of the Amended Complaint.**

13. During transit by T.M. DOYLE, the Subject Shipment and Subject Container were involved in an occurrence such that the Subject Shipment and Subject Container were in a rollover.

**ANSWER:** **Defendant admits the allegations of paragraph #13 of the Amended Complaint.**

14. T.M. DOYLE failed to deliver the Subject Shipment as per the applicable contract of carriage or delivered the Subject Shipment in damaged condition.

**ANSWER:** **Defendant denies each and every allegation of paragraph #14 of the Amended Complaint, except Defendant admits that the cargo was delivered in a damaged condition.**

15. DAIMLERCHRYSLER was not in any way negligent, did not contribute in any way to the

loss of the Subject Shipment and, at all times, materially performed its obligations in respect to Defendant and the Subject Shipment.

**ANSWER:** **Defendant denies each and every allegation of paragraph #15 of the Amended Complaint.**

### c. Actions Subsequent to the Loss of the Subject Shipment

16. On information and belief, ACE and/or DAIMLERCHRYSLER submitted a claim on more than one occasion to Defendant T.M. DOYLE demanding payment of $140,531.26, representing the value of Subject Shipment, customs duties and disposal costs minus salvage. A true and accurate copy of the most recent claim to Defendant T.M. DOYLE by counsel on behalf of ACE is attached as Exhibit "A" hereto.

**ANSWER:** **Defendant denies each and every allegation of paragraph #16 of the Amended Complaint, except Defendant admits that Exhibit A attached to the Amended Complaint is a true copy of a letter received by Defendant.**

17. ACE has made payment to DAIMLERCHRYSLER under a policy of insurance for the loss herein, based upon the $140,531.26 in damages, less DAIMLERCHRYSLER's US$25,000 deductible, and is therefore subrogated to DAIMLERCHRYSLER's rights in this matter.

**ANSWER:** **Defendant has insufficient knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph #17 of the Amended Complaint.**

18. Neither ACE nor DAIMLERCHRYSLER have ever received any payment from or on behalf

of T.M. DOYLE for the damage to the Subject Shipment.

**ANSWER:    Defendant admits the allegations of paragraph #18 of the Amended Complaint.**

19.    As a result of the failure of T.M. DOYLE and/or its agents to deliver the Subject Shipment and/or as a result of Defendant T.M. DOYLE failing to pay ACE and/or DAIMLERCHRYSLER for the damage, ACE and DAIMLERCHRYSLER have sustained a loss in an amount no less than US$140,531.26, the value of the Subject Shipment.

**ANSWER:    Defendant denies each and every allegation of paragraph #19 of the Amended Complaint.**

**COUNT I**
**Carmack Amendment Claim**

20.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 19 of its Amended Complaint as if fully set forth at length herein as paragraph 20.

**ANSWER:    Defendant repeats, reiterates and realleges paragraphs #1 through #19 of this Answer as its Answer to paragraph #20 of Count I of the Amended Complaint as if fully set forth herein.**

21.    At all times relevant herein, there was in effect 49 U.S.C. § 14706 (the Carmack Amendment), which provides in pertinent part as follows:

(a) General Liability -

(1) Motor carriers and freight forwarders.– A carrier providing transportation or service subject to jurisdiction under subchapter I or III of Chapter 135 shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier and any other carrier that delivers the property and is providing transportation or service subject to jurisdiction under subchapter I or III of chapter

135 or chapter 105 are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States or from a place in the United States to a place in an adjacent foreign country when transported under a through bill of lading and, except in the case of a freight forwarder, applies to property reconsigned or diverted under a tariff under section 13702. Failure to issue a receipt or bill of lading does not affect the liability of a carrier. A delivering carrier is deemed to be the carrier performing the line-haul transportation nearest the destination but does not include a carrier providing only a switching service at the destination.

**ANSWER:** **Defendant admits the allegations of paragraph #21 of the Amended Complaint.**

22. At all times hereinafter mentioned, Defendant T.M. DOYLE was operating and/or holding itself out to DAIMLERCHRYSLER as a motor carrier and/or freight forwarder in relation to the Subject Shipment and/or agreed to accept carrier obligations and liability under the Carmack Amendment, such that T.M. DOYLE is liable under the Carmack Amendment for the failure to deliver the Subject Shipment.

**ANSWER:** **Defendant denies each and every allegation of paragraph #22 of the Amended Complaint, except Defendant admits that the liability, if any, for loss or damage to cargo carried by Defendant in interstate commerce is subject to 49 U.S.C. § 14706.**

23. Defendant T.M. DOYLE received the Subject Shipment in good order, condition and quantity.

**ANSWER:** **Defendant has insufficient knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph #23 of the Amended**

**Complaint.**

24.  Defendant T.M. DOYLE failed to deliver the Subject Shipment as per the applicable contract of carriage in the same good order, condition and/or quantity as it received the Subject Shipment, as T.M. DOYLE was obligated to do under the Carmack Amendment.

**ANSWER:    Defendant denies each and every allegation of paragraph #24 of the Amended Complaint, except Defendant admits that the cargo was delivered in a damaged condition.**

25.   By reasons of these premises, ACE and DAIMLERCHRYSLER have sustained damages in the amount no less than US$140,531.26 plus costs.

**ANSWER:    Defendant denies each and every allegation of paragraph #25 of the Amended Complaint.**

WHEREFORE, Defendant, T.M. DOYLE TEAMING, INC., prays that this Court dismiss in full the Amended Complaint of Plaintiff, ACE SEGUROS, S.A. (a foreign corporation) a/s/o DAIMLERCHRYSLER DE MEXICO, S.A. DE C.V., for attorney's fees and costs in defending this claim and for any other relief deemed just and proper.

## COUNT II
### Breach of Common Law Obligations as a Carrier

26.  Plaintiff repeats, repeats, reiterates and realleges each and every allegation contained in paragraphs

1 through 19 of its Amended Complaint as if fully set forth at length herein as paragraph 26.

**ANSWER:** **Defendant reiterates and realleges paragraphs #1 through #19 of this Answer as its Answer to paragraph #26 of Count II of the Amended Complaint as if fully set forth herein.**

27.     T.M. DOYLE was acting as a common carrier when it received the Subject Shipment.

**ANSWER:** **Defendant denies each and every allegation of paragraph #27 of the Amended Complaint, except Defendant admits that Defendant acted as a carrier of the cargo.**

28.     As a matter of law, a common carrier has a duty to exercise the highest degree of care in relation to goods in its care, custody and control while in transit.

**ANSWER:** **Paragraph #28 of the Amended Complaint does not allege facts to which a response is required.**

29.     In allowing the Subject Shipment to be involved in a rollover and/or otherwise damaged in transit and while in its care, custody and control, T.M. DOYLE breached its obligation as a common carrier.

**ANSWER:** **Defendant denies each and every allegation of paragraph #29 of the Amended Complaint.**

WHEREFORE, Defendant, T.M. DOYLE TEAMING, INC., prays that this Court dismiss in full the Amended Complaint of Plaintiff, ACE SEGUROS, S.A. (a foreign corporation) a/s/o DAIMLERCHRYSLER DE MEXICO, S.A. DE C.V., for attorney's fees and costs in defending this claim and for any other relief deemed just and proper.

## AFFIRMATIVE DEFENSES

**NOW COMES** Defendant, T.M. DOYLE TEAMING, INC. (hereinafter referred to as "Defendant" or "T.M. DOYLE") by and through its attorneys, PAUL A. GAJEWSKI, and AXELROD, GOODMAN, STEINER and BAZELON, and herein sets forth its Affirmative Defenses against Plaintiff, ACE SEGUROS, S.A. (a foreign corporation) a/s/o DAIMLERCHRYSLER DE MEXICO, S.A. DE C.V.:

### First Affirmative Defense

1. The Amended Complaint fails to state a claim for which relief can be granted against Defendant.

### Second Affirmative Defense

2. Any liability which Defendant may have for the loss described in the Amended Complaint, which liability is specifically denied, is subject to the terms and conditions set forth in the contracts of carriage of Defendant and of the rail carriers who contracted to carry the shipment, and is further subject to Defendant's rates, classifications, rules and practices.

### Third Affirmative Defense

3. No claim was presented to Defendant within the time provided in the applicable contracts

of carriage.

### Fourth Affirmative Defense

4. The amount of any liability which Defendant may have for the loss described in the Amended Complaint, which liability is specifically denied, is limited by the applicable contracts of carriage.

### Fifth Affirmative Defense

5. The alleged damage to cargo alleged in the Amended Complaint was caused by an act of default of the shipper or owner thereof.

### Sixth Affirmative Defense

6. Plaintiff has failed to mitigate its damages.

### Seventh Affirmative Defense

7. Plaintiff is not the proper party in interest.

WHEREFORE, Defendant, T.M. DOYLE TEAMING, INC., prays that this Court dismiss in full the Amended Complaint of Plaintiff, ACE SEGUROS, S.A. (a foreign corporation) a/s/o DAIMLERCHRYSLER DE MEXICO, S.A. DE C.V., for attorney's fees and costs in defending this claim and for any other relief deemed just and proper.

       Respectfully submitted,

       T.M. DOYLE TEAMING, INC.,
       Defendant


       <u>s/Paul A. Gajewski</u>
       Paul A. Gajewski, One of its attorneys




OF COUNSEL:

Paul A. Gajewski
AXELROD, GOODMAN, STEINER & BAZELON
39 South LaSalle Street, Suite 920
Chicago, Illinois 60603
ARDC# 06190911
(312) 236-9375
(312) 236-2877 fax

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of May, 2008, a copy of the foregoing Defendant's Answer to Plaintiff's Amended Complaint was filed electronically. Notice of this filing will be sent to all parties registered with the Court's electronic filing system by operation of the Court's system. Parties may access this filing through the Court's system which will send notification of such filing(s) to the following:

John F. Horvath
Duane C. Weaver
Renata M. Koleda
HORVATH & WEAVER, P.C.
10 S. LaSalle Street, Suite 1400
Chicago, Illinois 60603

               s/Paul A. Gajewski